Contrary to defendant's contention, when the action was commenced, plaintiffs were not aware of the facts underlying their claim for punitive damages (i.e., the extent and nature of defendant's alcohol problem). Plaintiffs offered a good and sufficient reason for bringing their motion to amend after the deposition was held, at which time they first became aware of defendant's history of alcoholism and the full extent of defendant's disability on the day of the accident. (Appeal from Order of Supreme Court, Onondaga County, Hayes, J.—Amend Pleading.) Present—Lawton, J. P., Wisner, Boehm and Fallon, JJ.

■ CHRISTOPHER GRABOWSKI, Appellant, v ALBERT M. KRAUS, Respondent. [662 NYS2d 964] —Order unanimously affirmed without costs. Memorandum: We reject the contention of plaintiff that his entire medical malpractice cause of action accrued in 1973 on the date of defendant's initial allegedly negligent act or omission. Plaintiff alleges negligent care or treatment by defendant between June 1, 1973 and May 18, 1983 in failing to diagnose and treat plaintiff's glaucoma. Under CPLR 208, the Statute of Limitations for an infant in a medical malpractice case is extended for 10 years from the time that the cause of action accrues. Once defendant established prima facie that plaintiff's claims that accrued prior to December 2, 1982 are barred by CPLR 208, the burden shifted to plaintiff to " ' "aver evidentiary facts" ' establishing that the case falls within an exception to the Statute of Limitations" (*Assad v City of New York*, 238 AD2d 456, 457). With respect to the claims that accrued prior to July 1, 1975, plaintiff established that CPLR former 208 and former 214 apply, i.e., the Statute of Limitations was tolled until plaintiff reached majority, after which the medical malpractice action had to be commenced within three years (*see,* CPLR former 208, former 214 [prior to 1975 amendments]). Plaintiff reached majority on January 25, 1991 and commenced this action on December 2, 1992. Thus, Supreme Court properly denied defendant's motion for summary judgment with respect to all claims accruing prior to July 1, 1975, the effective date of the changes in the Statutes of Limitations (*see,* L 1975, ch 109, § 37), and properly granted the motion with respect to the claims that accrued between July 1, 1975 and December 2, 1982 (*see,* CPLR 208). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.

■ RIDGE MEADOWS HOMEOWNERS' ASSOCIATION, INC., et al., Respondents, v TARA DEVELOPMENT COMPANY, INC., et al.,

Appellants, et al., Defendants. (Appeal No. 1.) [668 NYS2d 959] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Monroe County, Fisher, J.—Class Action.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.

■ RIDGE MEADOWS HOMEOWNERS' ASSOCIATION, INC., et al., Respondents, v TARA DEVELOPMENT COMPANY, INC., et al., Appellants, et al., Defendant. (Appeal No. 2.) [665 NYS2d 361] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Although Supreme Court properly found that the prerequisites for class action certification set forth in CPLR 901 (a) have been met, plaintiffs are barred by CPLR 901 (b) from maintaining a class action for the minimum and treble damages imposed by section 349 (h) of the General Business Law. On this appeal, however, plaintiffs consent to strike that portion of the sixth cause of action seeking that relief and to limit their demand to actual damages. Thus, CPLR 901 (b) is no longer applicable and that cause of action may be maintained as a class action (*see, Super Glue Corp. v Avis Rent A Car Sys.*, 132 AD2d 604, 606). We therefore modify the order in accordance with the concession made by plaintiffs. We further modify the order by providing that any class member wishing to pursue statutory minimum and treble damages under the sixth cause of action may opt out of the class and bring an individual action. (Appeals from Order of Supreme Court, Monroe County, Fisher, J.—Class Action.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH J. VAN ETTEN, Appellant. [665 NYS2d 374] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal contempt in the first degree and assault in the third degree, contending that his guilty plea should be vacated because his factual allocution is insufficient to support the conviction. Defendant failed to preserve that contention for our review, either by moving to withdraw the plea pursuant to CPL 220.60 (3) or to vacate the judgment of conviction pursuant to CPL 440.10 (*see, People v Toxey*, 86 NY2d 725, 726, *rearg denied* 86 NY2d 839; *People v Pellegrino*, 60 NY2d 636). Further, defendant's factual allocution does not qualify for the narrow "rare case" exception to the preservation doctrine, where the allocution negates an essential element of the crime and thus casts "significant doubt" upon defendant's guilt or otherwise calls into question the voluntariness of the plea (*People v Lopez*, 71 NY2d 662, 666). (Ap-